WILSON (WILBUR v.). See Case No. 17,-637.

## Case No. 17,848.

### WILSON v. WILSON.

[1 Cranch, C. C. 255.] [1]

Circuit Court, District of Columbia. Nov. Term, 1805.

POWERS OF EXECUTOR—CONFESSION OF JUDGMENT.

An administrator has a right at law to give a preference to a creditor by confessing a judgment, and a court of equity will not interfere by injunction.

[Cited in brief in Relfe v. Columbia Life Ins. Co., 76 Mo. 595.]

Bill for injunction to prevent the administrators from confessing judgment at law in favor of other creditors in equal degree; and to distribute the assets pari passu.

[1] [Reported by Hon. William Cranch, Chief Judge.]

C. Lee, for complainant.

An administrator is a trustee, and subject to equitable jurisdiction. At law an administrator may prefer a creditor in equal degree; but a court of equity may interfere; especially before any payments are made. The equity of him who claims pro rata is superior to that of him who contends for all. Kelly v. Collins, 1 Fowl. Exch. Prac. 298; Max. Eq. 15, 17; 2 Ch. Cas. 228; Gibson v. Kinven, 1 Vern. 66; Solley v. Gower, 2 Vern. 62; Waring v. Danvers, 1 P. Wms. 296; Joseph v. Mott, Finch, Prec. 79; Smith v. Haytwell, Amb. 66; Brooks v. Reynolds, 1 Brown, Ch. 183; Hardcastle v. Chettle, 4 Brown, Ch. 163; Lowthian v. Hassel, Id. 167.

Mr. Simms, for defendants.

This attempt is novel. There is no precedent for it as to legal assets. It goes to prevent the creditors from proceeding at law to recover judgment. The administrators cannot defend themselves. If they are trustees, they are created by law and must proceed according to law. Why not extend the principle to the dignity of the debt? A court of chancery has as good a right to interfere in that case as in this. A creditor ought not to be prevented from gaining a priority at law by his diligence. Preference is not fraud per se. If it was, all preferences would be void at law as well as in equity. In equal equity the law must prevail. Max. Eq. 62. There is a difference between the court's power over trusts created by the parties and those created by law. Equity will not interfere, unless there is some circumstance which brings the legal assets under its jurisdiction. The mere deficiency is not a ground of equity. Equity will not prevent the creditor from the legal remedy which he had at the death of the intestate. Went. Off. Ex'r, 145. Preference is not covin, Goodfellow v. Burchett, 2 Vern. 299; Waring v. Danvers, 1 P. Wms. 295; Earl of Orford's Case, Finch, Prec. 188; Morrice v. Bank of England, Cas. t. Talb. 220; Martin v. Martin, 1 Ves. Sr. 211.

E. J. Lee, for complainant, cited Brown v. Allen, 1 Vern, 31; Brathwaite v. Brathwaite, Id. 335; Wall v. Thurbane, Id. 414; Buccle v. Alleo, 2 Vern. 37; Surrey v. Smalley, 1 Vern. 457; Silk v. Prime, 1 Brown, Ch. 138, note; Girling v. Lee, 1 Vern. 63; Greaves v. Powell, 2 Vern. 248; Cutterback v. Smith, Finch, Prec. 127; Bickham v. Freeman, Id. 136; Harding v. Edge, 1 Vern. 143; Coop. Bank. Law, 29, Addenda; Vin. Abr. tit. "Executors, D."; 3 P. Wms. 222.

KILTY, Chief Judge. The injunction in this case, is applied for on the ground that equity requires that the creditors of an insolvent should equally share his effects. It is an application to dispense with a rule of law, because that rule is inequitable in itself, and not because this particular case has any peculiar circumstances which take it out of

the general rule. That a law is in itself inequitable in every possible case, or in its general application, will not justify the court in dispensing with it. This would be to usurp legislative power. Where it is necessary for a person to apply to a court of equity to obtain a remedy which he could not have at law, the court will compel him to do equity before they will grant him the relief he asks. Upon this principle, it is, that when a creditor claims equitable assets, they will allow him only an equal share with those who have equal equity. But where a creditor gains a legal advantage, the court will not restrain him, unless for the purpose of carrying into effect its own decree—its own decree already passed, not that which it may hereafter make. The same law which gives a priority to creditors of a particular class, (for instance, bond-creditors,) makes it necessary, in case of a deficiency of assets, that a priority should exist between creditors in equal degree; otherwise the administrator would not be able to protect himself against them all, by paying some, and pleading plene administravit as to the residue. Priority of payment follows priority of judgment; and even if an administrator could not confess a judgment, there would still exist a priority, because the judgments could not be rendered at the same moment. Some creditors would gain a priority by diligence, and others by the greater ease in establishing their claims. It is, therefore, clear, that there is, at law, a priority, or at least the legal means of obtaining a priority, among claims in equal degree, as well as among claims of different degrees. The principle upon which the injunction is claimed, applies as strongly to reduce to a level claims of different degrees, as claims of the same degree. The rule of law is as strong in favor of the one priority as of the other. The question then recurs, whether this court can set up the general inequitable nature of the law, as (in itself) a ground of equitable relief? We are clear that it cannot. That it would be an usurpation of legislative, and not an exercise of judicial powers. The injunction, therefore, cannot be granted.